IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER CASTRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 3:15-cv-00556-MJR |
| | ) |
| ILLINOIS DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| MARCK HUBGES, | ) |
| STEPHEN DUNCAN, | ) |
| C/O TANNER, | ) |
| C/O STROUD, | ) |
| C/O BROOKS, | ) |
| C/O FAITH, | ) |
| NURSE BROOKS, | ) |
| DR. JOHN COE, and | ) |
| DR. BUTALID, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

  Xavier Castro is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Castro has filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections and a number of prison officials at Lawrence Correctional Center. (*Id.*) Castro has raised two discrete claims in his complaint: he first alleges that various prison officials were deliberately indifferent to his medical needs surrounding a November 2012 fall in the prison shower, and he next alleges that other prison staff improperly denied him access to a bathroom in November 2013. (*See id.* at 5, 7.)

  Castro's effort to join these two claims under the umbrella of one action is improper, as it violates Federal Rule of Civil Procedure 20. Rule 20 allows a plaintiff to join as many defendants as he wants in one action so long as "any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences" *and* "any question of law or fact common to all defendant will arise in the action." FED. R. CIV. P. 20(a)(2). What a prisoner cannot do under Rule 20 is join unrelated claims against separate groups of defendants in one suit — a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This barrier against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases, and also ensures that prisoners pay necessary filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Castro's Rule 20 blunder does not spell doom for his case; he has two options to deal with the problem. For one, Castro could choose to proceed with only one of the claims in his initial complaint by drafting an amended complaint isolated to one claim. If he takes this course, he will only incur one filing fee for that one claim; the other claim would be abandoned by omission. *See Taylor v. Brown*, — F.3d —, 2014 WL 9865341, at *5 (7th Cir. June 2, 2015) (amendment of complaint is a proper method for "adding or dropping parties and claims" when claims are misjoined). In the alternative, Castro can proceed with both of the claims in his initial complaint by filing two separate proposed complaints in response to this Order: the first complaint should deal with one of his claims and name the defendants relevant to that claim, and the second complaint should deal with the other claim. If Castro takes this course and files two proposed complaints, the Court will construe those filings as a motion to sever, use one of the two complaints as the operative one for this action, and sever the other complaint into a separate action — and both cases will incur filing fees. *See Kadamovas v. Stevens*, 706 F.3d 843, 846

(7th Cir. 2013) (holding that, in misjoinder circumstances, courts can require a prisoner to "file separate complaints, each confused to one group of injuries and defendants").[1]

The Court will give Castro 21 days from the date of this Order to decide which of these two paths he wishes to take. If he chooses neither path and does nothing in response to this Order, the Court will dismiss this case under Federal Rule of Civil Procedure 41(b) for failure to abide by a court order. The Court will hold preliminary review of Castro's complaint under 28 U.S.C. § 1915A in abeyance pending Castro's response to this Order.[2] And because preliminary screening has not yet occurred, the Court takes no position as to the merit of Castro's two claims. *See Wheeler*, 689 F.3d at 683 (a district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation, which can then be "separately screened").

One closing note is in order concerning Castro's motion for attorney representation in this case. (Doc. 4.) While there is no constitutional or statutory right to appointment of counsel in federal civil cases, district courts do have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request for counsel, the Court must first consider whether the "indigent plaintiff made a reasonable attempt to obtain counsel" or was "effectively precluded from doing so," and if so, whether the plaintiff is "competent to litigate the case" himself in light of the case's difficulty. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Castro has not made any

---

[1] In making a choice as to what claim to proceed with or whether to proceed with both of the claims in his complaint, Castro should know that the "statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

[2] Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under 28 U.S.C. § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

showing that he has attempted to obtain counsel on his own or was precluded from doing so, so his motion for attorney representation must be denied without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, should Plaintiff wish to proceed with only one claim in this case, he shall file his First Amended Complaint within 21 days of the entry of this order (on or before June 30, 2015). Castro should label the form First Amended Complaint and use the case number for this action. The amended complaint shall identify the individual Defendant or Defendants responsible for one of his discrete claims and explain how those individuals were involved in the alleged unconstitutional actions. In drafting any amended complaint, Plaintiff should follow the instructions on the Court's civil rights complaint form, which directs a party to state "when, where, how, and by whom" his rights were violated. An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with both of his claims in this case, he shall file two proposed complaints within 21 days of the entry of this order (on or before June 30, 2015). Castro should label both of these filings as Proposed Complaints and use the case number for this action. One complaint should deal with one of his discrete claims, and the other complaint should deal with the second discrete claim. The Court will construe the filing of two separate proposed complaints as a motion to sever, and will keep one

complaint as the operative one in this case and sever the other into a separate case. Plaintiff will be responsible for the payment of separate filing fees in both cases.

**IT IS FURTHER ORDERED** that, should Plaintiff fail to respond to this Order within 21 days, this case shall be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

In order to assist Plaintiff in preparing any proposed complaints, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that, for the reasons stated above, Plaintiff's motion for attorney representation (Doc. 4) is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that screening of the complaint pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending Plaintiff's response to this Order.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2015**

                                                   **s/ MICHAEL J. REAGAN**
                                                   **Chief Judge Michael J. Reagan**
                                                   **United States District Judge**